IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN K. WILSON,

      Plaintiff,

  v.

SUNSWEET GROWERS, INC.,

      Defendant.      /

No. Cv. S-06-0401 RRB KJM

**Memorandum of Opinion and Order**

Plaintiff Brian Wilson alleges that defendant Sunsweet Growers violated state and federal law when it terminated his employment in May 2004.  Sunsweet now moves for summary judgment on all claims.  For the following reasons, the court **GRANTS in part and DENIES in part** the motion.[1]

---

[1] Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter.  See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999) (explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).

**I.**

Sunsweet hired Wilson in August 2006 as a forklift operator. Wilson was a member of a local union during his employment. On January 2, 2004, Wilson informed Sunsweet that he had recently suffered a lower back injury and could no longer continue his regular work duties. He provided a note from his treating physician and requested medical leave through January 24. Sunsweet granted the leave, although Wilson disputes whether it was designated as Family Medical Leave Act/ California Family Rights Act leave. On January 20, Wilson's doctor requested that the leave be extended from January 24, through March 23, 2004. Sunsweet granted the request. On March 19, Wilson's doctor sent another note requesting that the leave be extended from March 23 through April 30, 2004. Wilson alleges that the April 30, 2004 date was a mistake by the doctor, who intended the leave to be extended through May 30, 2004. Sunsweet granted the leave request as stated in the doctor's note.

Because the March 19 note did not specify any work restrictions for Wilson following his leave, Sunsweet scheduled him to return to his same position and shift, starting on May 3, 2004. Wilson, however, did not report to work as scheduled from May 3 to May 7. He also failed to notify Sunsweet that he would be unavailable to work for those periods. On May 7, Sunsweet

terminated Wilson's employment for violation of company policy regarding unexcused absences.  On May 13, Wilson's doctor faxed Sunsweet a note stating that the doctor had placed the wrong date on the March 19 note and that Wilson could not return to work until May 30.

On June 3, 2004, Wilson filed a grievance against Sunsweet regarding the termination of his employment.  Under the applicable collective bargaining agreement (CBA), "[t]he Company and the Union each agree that it will not discriminate against any individual by reason of . . . physical or mental disability, [and] medical condition."  CBA § 3.  Section 30(a) of the CBA states that "all disputes and grievances shall be settled" by the procedures specified in the CBA.  Section 34(b) states that "[i]f the grievant or the Union fails to meet a time limit, the grievance will be deemed denied and no further action on the subject matter or the grievance may be taken by the grievant or the Union."  On June 28, 2005, an arbiter ruled that Wilson's grievance was untimely and barred his claims.  On February 28, 2006, Wilson filed the present action.

Wilson alleges that Sunsweet's discharge violated: (1) the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq.; (2) the California Family Rights Act (CFRA), Cal. Gov. Code § 12945.2; (3) California Fair Employment and Housing Act (FEHA)

3

§ 12940(m); (4) FEHA § 12940(a); and (5) public policy. Sunsweet now seeks summary judgment on all claims.

## II.

Before considering Sunsweet's arguments against Wilson's claims, the court must resolve whether Wilson may bring suit against Sunsweet under the terms of the applicable collective bargaining agreement.

Sunsweet argues that, under the express terms of the CBA, Wilson waived his right to pursue further claims against it when he failed to file a timely grievance. Wilson filed his grievance on June 3, 2004 regarding the May 7, 2004 termination of his employment. The arbitrator considering Wilson's case ruled that the grievance was untimely under the CBA's five-day claim deadline. CBA § 29(e). Sunsweet argues that under CBA § 34(b), the failure to file a timely grievance barred Wilson from any further action regarding the termination of his employment, including the present action. This argument lacks merit.

In Alexander v. Gardner-Denver Co., 415 U.S. 36, 59-60 (1974), the Supreme Court held that "the federal policy favoring arbitration of labor disputes and the federal policy against discriminatory employment practices can best be accommodated by permitting an employee to pursue fully both his remedy under the grievance-arbitration clause of a collective-bargaining

4

agreement and his cause of action under Title VII." The Court has since stated that "Gardner-Denver at least stands for the proposition that the right to a federal judicial forum is of sufficient importance to be protected against less-than-explicit union waiver in a CBA." Wright v. Universal Maritime Serv. Corp., 525 U.S. 70, 80 (1998); see Calmat Co. v. U.S. Dep't of Labor, 364 F.3d 1117, 1126-27 (9th Cir. 2004); Camargo v. California Portland Cement Co., 86 Cal. App. 4th 995, 1018-19 (2001).[2] Here, the court finds the CBA waiver to be less than explicit, thereby allowing Wilson, as an individual employee, to pursue the present action based upon federal and state statutory rights despite the previous grievance filed by his union. The CBA's anti-discrimination clause mentions no statutory right by name, CBA § 3, and is identical in its specificity to the clause found not to be binding in Gardner-Denver, 415 U.S. at 39. Similarly, the CBA's general statement that "[t]he Company shall grant leaves from employment as required by federal and state laws," CBA § 23(a), fails to incorporate specifically into the CBA the statutory rights invoked here. Therefore, the court

---

[2] Sunsweet relies upon Torrez v. Consolidated Freightways Corp. of Delaware, 58 Cal. App. 4th 1247, 1251 n.3 (1997), in arguing that Wilson's claim is barred by the CBA's terms. The Torrez court, however, held that the CBA did not bar individual employees from litigating statutory claims, id., and that the employer could not use the CBA to compel arbitration of a FEHA claims, id. at 1260.

finds that the applicable CBA does not bar Wilson from pursuing statutory claims against Sunsweet regarding the termination of his employment.[3]

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material facts and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Wilson's claims are discussed individually below.

**A.   Claim One: FMLA**

Wilson argues that he was still eligible for medical leave under FMLA when Sunsweet terminated his employment. Wilson started his medical leave on January 2, 2004. Sunsweet argues that the week of March 26, 2004 marked the completion of his twelve-week FMLA-leave period and that it acted within its discretion to provide him five more weeks of leave before terminating his employment on May 7, 2004. Wilson responds that he had not exhausted his leave due to Sunsweet's failure to

---

[3]   Sunsweet also argues that Wilson should be estopped by the grievance proceeding from arguing that his statutory rights were violated. Collateral estoppel does not apply here, however, because Wilson's claims were not "actually litigated" or "necessarily decided" and the decision was not "on the merits" due to the arbitrators' procedural dismissal based upon the CBA's filing requirements. Gikas v. Zolin, 6 Cal. 4th 841, 849 (1993).

comply with FMLA's leave-designation requirements.[4]  Wilson Decl. ¶ 4.  His allegations, however, are directly contradicted by the "Request for Leave of Absence – CFRA/FMLA" form he signed on January 2, 2004.  The form states "Note: Any leave of absence beyond three working days that is CFRA/FMLA qualifying will automatically be designated as such."  Stacy Decl. Exh. 3.  This statement satisfied Sunsweet's notification responsibility under FMLA.  See Miller v. Personal-Touch of Virginia, Inc., 342 F. Supp. 2d 499, 506-08 (E.D. Va. 2004) ("This notice may be accomplished in any written form").  Therefore, Wilson's twelve weeks of FMLA leave began on January 2, 2004 and expired well before Sunsweet terminated his employment on May 7, 2004.  Therefore, the court finds that Wilson was not using FMLA-protected leave when fired.

This finding, however, does not conclude the court's FMLA analysis.  Wilson argues that his leave, regardless of when it ended, was a factor in both his firing and Sunsweet's refusal to rehire him after it was notified of the alleged error in the March 19 doctor's note.  Under 29 C.F.R. § 825.220(c), employers

---

[4] When considering alleged FMLA violations, the court considers the objective status of disputed leave, not Wilson's or Sunsweet's subjective interpretations of it.  See Bachelder v. America West Airlines, Inc., 259 F.3d 1112, 1130 (9th Cir. 2001).  Therefore, Wilson's beliefs regarding whether Sunsweet properly classified his leave do not excuse his later absences, beyond the twelve-week period of FMLA leave.

are prohibited from using prior use of FMLA-leave as a negative factor in employment decisions regarding employees or prospective employees. To demonstrate that an employer violated § 825.220(c), Wilson "need only prove by a preponderance of the evidence that [his] taking FMLA-protected leave constituted a negative factor in the decision." Bachelder, 259 F.3d at 1125. Wilson may support his claim with either direct or circumstantial evidence. Id.

Although Wilson lacks direct evidence that Sunsweet fired or refused to rehire him based upon his prior use of FMLA leave, he alleges sufficient circumstantial evidence to create a material dispute of fact. Under the CBA, Sunsweet could have chosen less severe punishments for the unexcused absences, CBA ¶ 27(b), and excused an employee from discipline if the employer later found the employee's reason for the unexcused absence to be acceptable, id. ¶ 36(e). Moreover, when Wilson allegedly inquired about being rehired during a period of traditionally heavy turnover, Sunsweet was unresponsive despite several open positions. Pl.'s SDF ¶¶ 56-59. Finally, the close temporal proximity between Wilson's FMLA-protected leave and his firing may give rise to an inference of causal connection. Xin Liu v. Amway Corp., 347 F.3d 1125, 1137 (9th Cir. 2003) (quoting Hodgens v. General Dynamics Corp., 144 F.3d 151, 168 (1st Cir. 1998)). Based upon these allegations, a reasonable jury could

find that Sunsweet violated the FMLA in firing and/or refusing to rehire him. Therefore, the court DENIES the motion as to Claim One.

**B.   Claim Two: CFRA**

Wilson argues that Sunsweet, for the reasons stated in Claim One, also violated CFRA. CFRA does not contain an express "negative factor" prohibition analogous to FMLA § 825.200(c). California law, however, "incorporates by reference the federal regulations interpreting FMLA" so long as "they are not inconsistent with . . . state law or the California Constitution." Cal. Code Regs. Tit. 2 § 7297.10. California courts have held that CFRA prohibits the use of leave as a negative factor in employment decisions in the same manner as FMLA. See Dudley v. Dep't of Transp., 90 Cal.App.4th 255, 261 (2001) (recognizing a retaliation claim under CFRA analogous to the FMLA "negative factor" claim). The court finds that Wilson's allegations regarding the FMLA claim also create a material dispute of fact as to the CFRA claim. Therefore, the court DENIES the motion as to Claim Two.

**C.   Claim Three: FEHA § 12940(m)**

Wilson argues that Sunsweet failed to provide reasonable accommodation, as required by FEHA, when it fired him and refused to rehire him. Sunsweet responds that Wilson has not established a prima facie case because (1) it was unaware that

he suffered from a disability and (2) he was unable to perform the essential duties of the job even with reasonable accommodations.  See Jensen v. Wells Fargo Bank, 85 Cal. App. 4th 245, 256 (2000).

Wilson has failed to create a material dispute of fact regarding whether Sunsweet knew he was still injured, let alone disabled for FEHA purposes, when it fired him.  See Cal. Gov. Code § 12940(m) (requiring a reasonable accommodation for all "known" disabilities).  Wilson alleges that, when he initially sought leave, he provided Sunsweet with a note describing his injury, Pl.'s SDF ¶ 33, and discussed his back problems with Sunsweet human resources employee Darlene Stacy, Stacy Decl. 75:15-25.  The final doctor's note received by Sunsweet prior to terminating Wilson's employment, however, stated that his leave would end on April 30, 2004 and made no mention of continuing symptoms or work limitations.  Def.'s SUF ¶¶ 8, 10.  Wilson presents no evidence that there was information before Sunsweet on May 7, 2004, when it terminated his employment, that would have led it to believe he still was injured.[5]  Therefore, from

---

[5]   Wilson argues that Sunsweet lacked such information because it failed to engage in an "interactive process" discussing reasonable accommodations before terminating him.  See Barnett v. U.S. Air, Inc. 228 F.3d 1105, 1114 (9th Cir. 2000) (overruled on other grounds).  This argument cannot be raised for the first time on summary judgment because it is a claim under Cal. Gov. Code § 12940(n), not § 12940(m) as alleged in the complaint.

the record before it when it decided to fire Wilson, Sunsweet did not know that he continued to suffer from the injury on which he bases his disability claim. See Winarto v. Toshiba America Electronic Components, Inc., 274 F.3d 1276, 1291 (9th Cir. 2001) ("Given the temporary nature of [employee's] injuries and work restrictions, the fact that [employer] had been given two notes from doctors was not enough to prove that [employer] perceived [employee] to be disabled.").

Moreover, even if the court finds that Sunsweet should have acted under the presumption that Wilson was still injured when he failed to return to work, Wilson does not demonstrate that he was disabled for FEHA purposes. Under FEHA, a "physical disability . . . [l]imits a major life activity." Cal. Gov. Code § 12926(k)(1)(B). "A physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss limits a major life activity if it makes the achievement of the major life activity difficult." Id. § 12926(k)(1)(B)(ii). An injured employee need allege "only minor limitations" to a major life activity to demonstrate a disability. EEOC v. United Parcel

---

Wilson has not complied with applicable amendment procedures. See Fed. R. Civ. Pro. 16(b). Moreover, even if the court reaches the argument, it fails. The obligation to engage in such an interaction process "is triggered by an employee or an employee's representative giving notice of the employee's disability and the desire for accommodation." Id. As explained below, at the time of his firing, Wilson had failed to demonstrate that he was disabled for FEHA purposes.

11

Serv., Inc., 424 F.3d 1060, 1071 (9th Cir. 2005).  Working is a major life activity and under FEHA "encompasses a limitation in a particular employment, which must be something less than a class of jobs or a broad range of jobs."  Id. at 1072-73 (quotation marks and citation omitted).

Here, Wilson has presented insufficient evidence for the court to conclude that he suffered from a disability for FEHA purposes when he was terminated.  Wilson alleges that he was diagnosed with a permanent disability, but provided no documents to Sunsweet detailing the physical limitations imposed by the injury.  Wilson Depo. 78:14-19.  Instead, he allegedly provided Sunsweet with a "Post-It" on which he had written "neuroforaminal stenosis."  Id. at 78:20-79:5.  Stacy recalls only discussing Wilson's "back problem."  Stacy Depo. 76:6-8.  The final doctor's note prior to Wilson's termination, dated March 19, 2004, states only "off work until 4/30/04."  Stacy Decl. Exh. 6.  It did not describe any continuing limitations upon his ability to work or any necessary accommodations for his injury.  The record before Sunsweet when it fired Wilson did not demonstrate that he was disabled for FEHA purposes.  Therefore, he cannot state a prima facie case for failure to provide reasonable accommodation under § 12940(m) at the time of his termination.  The court need not decide whether Wilson would

have been able to perform at the time of his firing the essential duties of his prior job.

Wilson also alleges that Sunsweet failed to provide reasonable accommodation when he allegedly asked to be rehired. Wilson does not specify when he requested that Sunsweet rehire him. Wilson Decl. ¶ 11. Assuming it was after May 13, 2004, when Wilson's doctor faxed a note to Sunsweet regarding the mistaken leave date, Sunsweet was on notice that Wilson was "not in the condition to do his former work." Stacy Decl. Exh. 9. This diagnosis is relevant at least through the recommended May 30, 2004 leave date listed on the note. Id. Based upon this record, Wilson has provided sufficient evidence to create a material dispute of fact as whether Sunsweet knew he was disabled for FEHA purposes. As for the performance of essential duties, the second prima facie case requirement, Wilson creates a material dispute of fact by alleging that Sunsweet could have made several minor accommodations that would have allowed him to return to work. Wilson Decl. ¶ 7. The doctor's notes were silent as to whether Sunsweet could have made such accommodations given the nature of Wilson's injury. Therefore, a reasonable jury could conclude that Wilson has presented a prima facie case as to Sunsweet's failure to rehire him.

Once a plaintiff has established a prima facie case under FEHA for failure to provide reasonable accommodation, a

defendant must establish "through undisputed facts that (1) reasonable accommodation was offered and refused; (2) there simply was no vacant position within the employer's organization for which the disabled employee was qualified and which the disabled employee was capable of performing with or without accommodation; or (3) the employer did everything in its power to find a reasonable accommodation, but the informal interactive process broke down because the employee failed to engage in discussions in good faith." Jensen, 85 Cal. App. 4th at 263. Here, Wilson disputes whether (1) a reasonable accommodation was offered for his rehiring, Wilson Decl. ¶ 11; (2) positions were available in which he could work with reasonable accommodations, Pl.'s SDF ¶¶ 50-60; and (3) the interactive process broke down due to his failure to engage the employer, Wilson Decl. ¶ 11.

Therefore, for Claim Three, the court GRANTS summary judgment as to the failure to provide reasonable accommodation at the time of Wilson's firing but DENIES summary judgment as to the failure to provide reasonable accommodation at the time of Wilson's alleged request to be rehired.

**D.   Claim Four: FEHA § 12940(a)**

Wilson alleges that he suffered adverse employment actions due to disability, in violation of FEHA. To establish a prima facie case of discrimination based upon disability, Wilson must demonstrate that he (1) suffers from a disability; (2) is an
14

employee or an applicant within the meaning of FEHA, and (3) was subject to an adverse employment action because of the disability. Begatti v. Dep't of Rehab., 97 Cal. App. 4th 344, 360 (2002).

As discussed above, Wilson fails to establish that he was disabled for FEHA purposes at the time Sunsweet fired him. Therefore, he cannot state a discrimination claim under § 12940(a) for his dismissal.

For Sunsweet's alleged failure to rehire him, however, Wilson has created material disputes of fact as to his disability status and desire to be considered for employment. See Stacy Decl. Exh. 9; Wilson Decl. ¶ 11. Wilson also must demonstrate that he "was treated less favorably than non-disabled employees." Jensen, 85 Cal. App. 4th at 254. Wilson creates a material dispute of fact on this issue by alleging that Sunsweet, during a period of traditionally high turnover, filled numerous vacancies that he was allegedly qualified and physically capable of filling. Pl.'s SDF ¶¶ 49-60. The court considers FEHA discrimination claims under the McDonnell Douglas burden shifting standard. See Xin Liu, 347 F.3d at 1143-44 (requiring defendant to provide a legitimate, nondiscriminatory reason for adverse employment action). Sunsweet's only explanation for not hiring Wilson is that he did not apply for a position. Reply at 7. Since Wilson disputes this fact, Wilson

Decl. ¶ 11, the court cannot grant summary judgment regarding whether Sunsweet violated FEHA when it failed to rehire him.

Therefore, for Claim Four, the court GRANTS summary judgment as to discrimination at the time of Wilson's firing but DENIES summary judgment as to discrimination at the time of Wilson's alleged request to be rehired.

**E.   Claim Five: Public Policy**

Because the court denies summary judgment, at least in part, on all of Wilson's statutory claims, numerous grounds remain on which he may base his public policy claim. See Stevenson v. Superior Court, 16 Cal.4th 880, 909 (1997). Therefore, the court DENIES summary judgment as to Claim Five.

**III.**

For these reasons, the court **GRANTS** summary judgment as to Claims Three and Four regarding Sunsweet's termination of Wilson's employment but **DENIES** summary judgment as to the remaining claims.

**IT IS SO ORDERED.**

ENTERED this 24th day of August, 2007.

          s/RALPH R. BEISTLINE
          United States District Judge